

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABAS DOWLAD, | CASE NO. 2:25-cv-02564-DGE |
| Plaintiff, | ORDER DISMISSING COMPLAINT |
| v. | |
| BRIAN CASSIN et al., | |
| Defendant. | |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. §1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), has submitted a complaint against Experian and Brian Cassin, who Plaintiff alleges is CEO of Experian.[1]  (Dkt. No. 7.) Plaintiff claims that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  (*Id.* at 5.)

---

[1] Plaintiff has filed nearly identical claims against two other credit reporting agencies and their CEOs.  *See Dowlad v. Cartwright*, No. 2:25-cv-02590-DGE; *Dowlad v. Begor*, 2:25-cv-02600-DGE.

ORDER DISMISSING COMPLAINT - 1

Petitioner alleges that Defendants "reported a balance on Plaintiff's credit report reflecting fraudulent charges," which "were not incurred by Plaintiff." (*Id.*) Defendants allegedly "included this inaccurate information in Plaintiff's credit report, which was accessed by potential lenders and creditors." (*Id.*) As a result, "Plaintiff's creditworthiness was harmed, and Plaintiff was denied credit or offered credit on unfavorable terms." (*Id.*) Plaintiff alleges he submitted a written dispute to Defendants regarding the inaccurate information, but Defendants ignored the dispute and failed "to conduct a meaningful investigation or update the information." (*Id.*) Plaintiff seeks over $70,000 in damages, which he contends reflects the "financial loss, denial of credit opportunities, increased interest rates, loss of time, and emotional distress caused by Defendant[s'] violations." (*Id.*)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

ORDER DISMISSING COMPLAINT - 2

Here, Plaintiff fails to identify which section(s) of the FCRA Defendants allegedly violated, how they were violated, or when they were violated. Without knowing the specific violations alleged, the Court is unable to determine whether Plaintiff has pled sufficient facts to state a claim. Furthermore, under the FCRA, generally a credit reporting agency is liable to a consumer for either the negligent or willful failure to comply with any requirement under the FCRA with respect to that consumer. *Moran v. Screening Pros, LLC*, 25 F.4th 722, 725 (9th Cir. 2022) (citing 15 U.S.C. §§ 1681n(a), 1681o(a)). Notwithstanding, Plaintiff filed suit against Cassin as CEO of Experian, but Plaintiff does not allege on what basis and to what extent Cassin would be liable for any FCRA violation.

Accordingly, the Court DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff is granted leave to amend his complaint to attempt to cure the deficiencies identified herein related to his FCRA claim. Any amended complaint shall be filed no later than **February 23, 2026**.[2]

The Clerk is directed to calendar this event.

Dated this 22nd day of January, 2026.



David G. Estudillo
United States District Judge

---

[2] On January 20, 2026, Plaintiff filed a "Letter Requesting Reassignment of Related Cases," requesting that the current case, as well as *Dowlad v. Cartwright*, No. 2:25-cv-02590-DGE and *Dowlad v. Bergor*, No. 2:25-cv-02600-DGE be reassigned to the Honorable Richard A. Jones because the cases "present common questions of fact and law involving consumer credit reporting issues." (Dkt. No. 5.) Because Plaintiff's complaint is dismissed with leave to amend, the Court DENIES this request at this time. Furthermore, these three cases are currently pending before the Court, and Plaintiff does not identify why the cases should instead be transferred to Judge Jones.

ORDER DISMISSING COMPLAINT - 3